642 A.2d 603

**Ruth L. LACKS, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 7, 1994.

Decided May 20, 1994.

216

Stanton M. Lacks, for petitioner.

Linda S. Lloyd, Asst. Counsel, for respondent.

Before DOYLE and NEWMAN, JJ., SILVESTRI, Senior Judge.

DOYLE, Judge.

Ruth L. Lacks (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which reduced Claimant's weekly unemployment benefits from $188.00 to $113.00 pursuant to Section 404(d)(2) of the Pennsylvania Unemployment Compensation Law (Law).[1]

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, 43 P.S. § 804(d)(2).

Claimant was receiving social security survivor benefits under her late husband's social security account for eight years until 1991, in the amount of $548.00 per month. During the spring of 1991, the Social Security Administration explained to Claimant that she could receive increased benefits if she elected to receive benefits under her own social security number. On April 23, 1991, Claimant made that selection and elected to receive the higher benefits under her own social security account. Her benefits were increased to $649.00 per month from the previous $548.00.[2] Seven months later Claimant was laid off from work. She filed for unemployment compensation benefits on November 24, 1991.

The Bureau of Unemployment Compensation Benefits and Allowances (Bureau) found that Claimant was eligible for benefits, but pursuant to Section 404(d)(2)(ii) of the Law, 43 P.S. § 804(d)(2)(ii),[3] the Bureau deducted 50% of the amount of Claimant's social security benefits from her unemployment compensation. The decrease in her unemployment benefits amounted to $75.00 per week ($649.00 × 3 mos. = $1947 ÷ 13 weeks = $149.76 × 50% = $74.88).

After contacting the Bureau, Claimant was informed that if she had previously elected to receive survivor benefits, rather

---

2. Effective December 1, 1991, Claimant's social security benefits increased to $672.00 per month.

3. Section 404(d)(2) of the Law, 43 P.S. § 804(d)(2), provides in relevant part, that:

(2)(i) In addition to the deductions provided for in clause (1), for any week with respect to which an individual is receiving a pension, including a governmental or other pension, retirement or retired pay, annuity or any other similar periodic payment, under a plan maintained or contributed to by a base period or chargeable employer, the weekly benefit amount payable to such individual for such week shall be reduced, but not below zero, by the pro-rated weekly amount of the pension as determined under subclause (ii).

(ii) If the pension is entirely contributed to by the employer, then one hundred per centum (100%) of the pro-rated weekly amount of the pension shall be deducted. If the pension is contributed to by the individual, in any amount, then fifty per centum (50%) of the pro-rated weekly amount of the pension shall be deducted.

This Court has consistently held that social security benefits constitute a pension within the meaning of Section 404(d) of the Law. *Sanders v. Unemployment Compensation Board of Review*, 86 Pa.Commonwealth Ct. 1, 482 A.2d 1371 (1984).

than benefits under her own name and social security number, there would have been no deduction in her unemployment compensation benefits. The Bureau explained that the benefits she had received as a survivor under her late husband's account were considered *unearned* income because neither Claimant nor her employer contributed to her husband's social security account, and therefore, those benefits were not a "pension" and accordingly, not within Section 404(d)(2) of the Law, or the Federal Unemployment Tax Act, 26 U.S.C. § 3304(a)(15).

Claimant appealed the Bureau's reduction of her benefits. The Board affirmed a referee's decision and denied Claimant's appeal. This appeal followed.

On appeal to this Court, Claimant argues that Section 404(d)(2) of the Law, "by treating Social Security Pensions affecting widows, widowers and orphans differently from those where the individual collects in their own name, has arbitrarily created two separate classes of social security recipients that has no rational relation to the government objective of promoting the fiscal integrity of the Unemployment Compensation Fund in violation of state and federal constitutional guarantees of equal protection and due process." (Claimant's Brief at 5.)

Additionally, Claimant asserts that Section 404(d)(2) of the Law is in direct conflict with the Federal Unemployment Tax Act (FUTA) and is thus preempted by FUTA.[4] Claimant does not challenge any other aspect of the Board's order.

4. FUTA, provides, in relevant part, that:
   (15) the amount of compensation payable to an individual for any week which begins after March 31, 1980, and which begins in a period with respect to which such individual is receiving a governmental or other pension, retirement or retired pay, annuity, or any similar periodic payment which is based on the previous work of such individual shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such except that—
   (A) the requirements of this paragraph shall apply to any pension, retirement or retired pay, annuity, or similar periodic payment only if—

■ We begin by noting that a party challenging the constitutionality of a legislative act bears the heavy burden of showing that the act clearly violates the Constitution. *Snider v. Thornburgh,* 496 Pa. 159, 436 A.2d 593 (1981). Claimant specifically alleges that Section 404(d)(2) of the Law violates the equal protection clauses of both the Pennsylvania Constitution [5] and United States Constitution.[6] The Equal Protection Clause of the Pennsylvania Constitution provides that:

> The General Assembly shall pass no local or special law in any case which has been or can be provided for by general law and specifically, the General Assembly shall not pass any local or special law:
>
> . . . .
>
> Nor shall the General Assembly indirectly enact any special or local law by the partial repeal of a general law; but laws repealing local or special acts may be passed.

(i) such pension, retirement or retired pay, annuity, or similar payment is under a plan maintained (or contributed to) by a base period employer or chargeable employer (as determined under applicable law), and

(ii) in the case of such a payment not made under the Social Security Act or the Railroad Retirement Act of 1974 (or the corresponding provisions of prior law), services performed for such employer by the individual after the beginning of the base period (or remuneration for such services) affect eligibility for, or increase the amount of, such pension, retirement or retired pay, annuity, or similar payment and

(B) the State law may provide for limitations on the amount of any such reduction to take into account contributions made by the individual for the pension, retirement or retired pay, annuity, or other similar periodic payment....

26 U.S.C. § 3304(a)(15).

5. Although Claimant cites Pa. Const. Art. I, § 26, as the Equal Protection Clause of the Pennsylvania Constitution, the proper section is actually Pa. Const. Art. III, § 32. *See Fischer v. Department of Public Welfare,* 509 Pa. 293, 502 A.2d 114 (1985). We will address Claimant's argument as if addressed to the proper section of the Pennsylvania Constitution.

6. U.S. Const. Amend. XIV, § 1. Because our Supreme Court has held that the content of Pennsylvania equal protection does not significantly differ from its federal counterpart, we do not separately address Claimant's federal equal protection violation argument. *See, e.g., Commonwealth v. Kramer,* 474 Pa. 341, 378 A.2d 824 (1977).

Pa.Const. Art. III, § 32. Because Section 404(d)(2) of the Law creates economic classifications, it is subject to "minimal scrutiny" and need only be rationally related to a legitimate governmental objective to be found constitutionally sound. *Wallace v. Unemployment Compensation Board of Review*, 38 Pa.Commonwealth Ct. 342, 347, 393 A.2d 43, 46 (1978).

We addressed a nearly identical constitutional challenge to the Law in *Latella v. Unemployment Compensation Board of Review*, 74 Pa.Commonwealth Ct. 14, 459 A.2d 464 (1983). In *Latella*, the claimants, who were receiving the same social security benefits (pensions) as Claimant, had their unemployment benefits reduced by 100% of the amount of their pension benefits pursuant to former Section 404(d)(iii) of the Law, which mandated the deduction of 100% of a claimant's pension income.[7] Claimant in the present case has 50% of her pension income deducted from her unemployment benefits. The *Latella* claimants argued that former Section 404(d)(iii) of the Law violated both the state and federal Equal Protection Clauses, because that Section mandated the deduction of pension income, but not alternative income such as royalties, dividends, etc. The present Claimant argues that Section 404(d)(2) violates her equal protection guarantee by mandating the deduction of certain pension income, but not widow's benefits or other alternative income.

Both cases raise the same allegation of discrimination: "[i]ndividuals receiving disqualifying pension income are more harshly treated than beneficiaries in receipt of nondisqualifying alternative income." *Id.* at 19, 459 A.2d at 468. In *Latella*, we held that, "[a]lthough the classification may be imperfect, this does not invalidate Section 404(d)(iii) [of the Law]." *Id.* at 23, 459 A.2d at 469–70. We further held that former Section 404(d)(iii) was rationally related to the legiti-

7. Section 404(d) of the Law was amended in 1988. Essentially, former clause (iii) of Section 404(d), which was at issue in *Latella*, reduced a claimant's unemployment benefits by 100% of their social security (pension) benefits, regardless of whether they had contributed to their social security benefits or not, which was a harsher remedy than that imposed by the present subsection (2). The present subsection (2) deducts only 50% of the claimant's pension income where the claimant contributed to that pension in any amount.

mate government objectives of promoting the fiscal integrity of the unemployment compensation fund and eliminating the payment of duplicative ("windfall") benefits. *Id.* Clearly, Section 404(d)(2) of the Law, which is nearly identical to former Section 404(d)(iii), has the same objectives and is likewise constitutional.

Claimant additionally argues that Section 404(d)(2) of the Law violates her right to substantive due process [8] without explaining the specific basis of that challenge. However, we rejected a similar due process challenge to the former Section 404(d)(iii) in *Novak.* Based on the similarity between the former Section 404(d)(iii) of the Law and the present Section 404(d)(2) as explained above, we likewise conclude that the present Section 404(d)(2) does not violate state or federal due process guarantees. Furthermore, the test for substantive due process in the areas of social and economic legislation is whether the challenged law has a rational relation to a valid state objective. Because we have concluded that Section 404(d)(2) of the Law passes the rational relationship test in the context of the aforementioned equal protection challenge, we can only conclude that Section 404(d)(2) likewise does not violate Claimant's right to due process.

Claimant's final argument is that Section 404(d)(2) of the Law is preempted by FUTA. We have held that:

Under the Supremacy Clause, U.S. Const. Art. VI, cl. 2, federal law can preempt state law under three circumstances:

(1) Congress can explicitly define the extent to which its enactments preempt state law;

---

**8.** We held in *Novak v. Unemployment Compensation Board of Review,* 73 Pa.Commonwealth Ct. 148, 457 A.2d 610 (1983), that:

[T]he requirement of due process, as it applies to the States through the Fourteenth Amendment of the United States Constitution, concerns the fundamental fairness of a State's dealing with an individual.... While 'due process has never been, and perhaps can never be precisely defined,' ... it does afford persons substantive and procedural guarantees.

*Id.* at 152–53, 457 A.2d at 612 (citations omitted).

(2) in the absence of explicit statutory language, state law is preempted where it regulates conduct in a field that Congress intended the federal government to exclusively control; and

(3) state law is preempted to the extent it actually conflicts with federal law.

*Baumgardner Oil Co. v. Commonwealth,* 146 Pa.Commonwealth Ct. 530, 543, 606 A.2d 617, 623 (1991) (citing *English v. General Electric Co.,* 496 U.S. 72, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990)). Claimant argues that Section 404(d)(2) of the Law conflicts with FUTA.

Claimant's brief gives no specific explanation of how Section 404(d)(2) is in conflict with and, therefore, preempted by FUTA, and indeed, we are at a loss to see any conflict. FUTA specifically and unambiguously provides that an individual who is receiving unemployment compensation and a government pension shall have his or her unemployment compensation reduced by the amount of his or her pension "only if such pension ... is under a plan maintained (or contributed to) by a base period employer or chargeable employer...." 26 U.S.C. § 3304(a)(15). Claimant's social security benefits received under her own name flow from a tax upon her previous earnings based upon her previous employment with her base year employer and have been held to constitute a pension in that respect. *Sanders v. Unemployment Compensation Board of Review,* 86 Pa.Commonwealth Ct. 1, 482 A.2d 1371 (1984). FUTA also provides that state law may limit the amount of the reduction from the pension offset to take into account contributions made by the individual to the pension. 26 U.S.C. § 3304(a)(15)(B). Therefore, Section 404(d)(2) is not in conflict with FUTA, but is expressly authorized by it.

■ Furthermore, FUTA, is the minimum federal standard beyond which each state is free to legislate. *Novak.* As we said in *Novak:*

While it is true that on a comparative basis the Pennsylvania law is broader in its pension offset provision than its

federal counterpart, this does not necessarily mean that the two laws are in such conflict as to render the doctrine of pre-emption applicable.

*Novak*, 73 Pa.Commonwealth Ct. at 151, 457 A.2d at 611. Although *Novak* was addressing former Section 404(d)(iii) of the Law, the same reasoning applies to Section 404(d)(2) of the Law. We hold, therefore, that Section 404(d)(2) of the Law is not preempted by FUTA.

## ORDER

NOW, May 20, 1994, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

Based on the foregoing discussion, we affirm the order of the Board.