IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tinamarie Baldinelli, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 2400 C.D. 2014 |
| | : | Submitted: October 30, 2015 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI                    FILED: November 17, 2015

Tinamarie Baldinelli (Claimant) petitions *pro se* for review of the order of the Unemployment Compensation Board of Review (Board) finding that Claimant was financially ineligible for unemployment compensation (UC) benefits under Sections 401 and 404 of the Unemployment Compensation Law (Law)[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§801 and 804. Section 401 provides, in pertinent part:

> Compensation shall be payable to any employe who is or becomes unemployed, and who—
>
> (a) Satisfies both of the following requirements:

**(Footnote continued on next page…)**

because she did not have wages that met the Law's base-year wage requirements. Finding no error in the Board's decision, we affirm.

From October 8, 2012, to August 15, 2013, Claimant worked for Golden Bear Tavern (Employer) cooking and cleaning. Upon separation from Employer, Claimant applied for UC benefits but was found financially ineligible by the UC Service Center (Service Center) because she had insufficient wages in her base-year to be eligible for UC benefits.[2]

Claimant appealed that determination alleging that the wage information provided by Employer was inaccurate as Employer failed to provide a W2 form and/or a 1099 form for 2012, and failed to properly report Claimant's wages for the fourth quarter of 2012 and the first quarter of 2013.[3] A referee then

---

**(continued…)**

> (1) Has, within his base year, been paid wages for employment as required by section 404(c) of this act.

43 P.S. §801.

Section 404(c), 43 P.S. § 804(c), provides that employees must have sufficient qualifying wages under the table specified for Determination of Rate and Amount of Benefits in Section 404(e), and have sufficient number of "credit weeks" during the base-year in order to be eligible for any amount of compensation benefits. Section 404(e), 43 P.S. § 804(e), is a table for benefits which determines the rate and amount of compensation provided to a claimant on the basis of highest quarterly wage, rate of compensation and qualifying wages.

[2] The Service Center's Notice of Financial Determination showed earnings of $696 during the base-year period from April 1, 2012, through March 31, 2013.

[3] In Claimant's appeal, she also stated that she had been in touch with the federal Internal Revenue Service regarding the matter.

2

remanded the matter to the Service Center and tax service to conduct an audit of Employer's records to determine Claimant's exact earnings during the fourth quarter of 2012 and the first quarter of 2013, and to issue a revised notice of financial determination. After that review took place, the Service Center's revised determination reiterated its previous finding that Claimant is financially ineligible due to insufficient base-year wages pursuant to Section 404 of the Law. Claimant appealed.

Before the referee, Claimant testified that while working for Employer during the base-year, she earned, in cash, $503 in October 2012, $1,016 in November 2012, and $1,312.99 in December 2012. She also testified that she received $696 by payroll check in January 2013 and earned a total of $915.64 that month. She testified that she was paid only in cash for the months of October through December 2012, and from January 2013, she was paid with cash and checks, with the amounts varying from month to month. She further testified that she did not receive a W2 form or a 1099 form from Employer at the end of 2012.

On behalf of Employer, Cathy Dubrasky, who, along with her husband, Ronald, owned the Golden Bear Tavern, testified that Claimant was paid by a combination of cash and checks, and that Claimant was paid only in cash during the months of October through December 2012. Ms. Dubrasky admitted that she did not report the cash payments or provide Claimant with a 1099 form. Ms. Dubrasky also testified that Claimant received tips on top of her wages, of which Employer did not keep track.

The referee affirmed the Service Center's determination. He found that Claimant's highest quarter wages which amounted to $2,831.99 was sufficient, but her total base-year wages was only $4,443.63,[4] while under Section 404(e) of the Law, she needed to earn $5,618. Because Claimant's total base-year earnings fall short, the referee found she was ineligible for UC benefits.

Claimant appealed to the Board, which remanded the matter to a referee for a hearing at which Employer could submit evidence of Claimant's earnings for the fourth quarter of 2012. The Board also instructed that if Claimant wished to seek information from Employer, she should request a subpoena from the referee's office. Claimant requested and received subpoenas for both owners and for all of her payroll documentation. Both owners appeared at the hearing, and Claimant's paystubs from January 2013 onwards were introduced into evidence.

Before the referee, Claimant testified that for the fourth quarter of 2012, she had wages of $2,831.98 and for the first quarter of 2013, she earned a total of $3,057.21, earning $915.64 in January 2013, $1,258.61 in February 2013, and $882.96 in March 2013. Claimant reiterated that from January 2013 until the end of her employment, she was paid with a combination of cash and checks. She

---

[4] The referee found that Claimant received $503 in October 2012, $1,016 in November 2012, and $1,312.99 in December 2012, for a total of $2,831.99 for the fourth quarter of 2012. The referee further found that Employer paid Claimant $696 by payroll check for the first quarter of 2013, and per Claimant's reports, she received $915.64 in cash for that quarter. Accordingly, the referee found that during the base-year period, Claimant's actual wages were: $0 for the second quarter of 2012; $0 for the third quarter of 2012; $2,831.99 for the fourth quarter of 2012; and $1,611.64 for the first quarter of 2013, for total base-year wages of $4,443.63.

testified that she had no record of what she earned in tips, as the tips were never substantial, but she guessed that on a busy night, she may have made up to $20 in tips.

Finding that Claimant failed her burden to prove that she was financially eligible for benefits, the Board affirmed the referee's denial of benefits. Accepting the wages that Claimant said she earned,[5] but not tips because she failed to produce a record of those she received, the Board found that she was financially ineligible under Section 404(e) of the Law because, given that her earnings were $3,057.21 in her highest quarter, it required that she must have total base-year wages of at least $6,064 to be eligible for benefits, and she only had $5,889.20 in base-year wages. The Board also deemed Claimant ineligible under Section 404(a)(3) of the Law[6] as Claimant needed base-year wages of $5,965 to qualify. Claimant then requested reconsideration, which the Board denied. This appeal followed.[7]

---

[5] The Board found that the Claimant's total wages paid were: $0 in the second quarter of 2012; $0 in the third quarter of 2012; $2,831.99 in the fourth quarter of 2012; and $3,057.21 in the first quarter of 2013, for total qualifying wages of $5,889.20.

[6] Section 404(a)(3) of the Law is a "step down" provision that broadens eligibility to include many claimants who have not been in the workforce as long as those found eligible under section 404(a)(1). Under this provision, benefits may be paid if the claimant's base-year wages qualify for any of the next two lower benefit rates. 43 P.S. §804(a)(3).

[7] Our scope of review of the Board's decision is limited to determining whether an error of law was committed, constitutional rights were violated, or whether the necessary findings of fact are supported by substantial evidence. *Rock v. Unemployment Compensation Board of Review*, 6 A.3d 646, 648 n.5 (Pa. Cmwlth. 2010).

On appeal, Claimant argues that the Board erred in determining that she was ineligible for benefits as it incorrectly tallied her wages for the fourth quarter of 2012 and the first quarter of 2013, and, thus, calculated and used an inaccurate total base-year wage in determining her financial eligibility.

A claimant bears the burden of proving financial eligibility for UC benefits. *Pagliei v. Unemployment Compensation Board of Review*, 37 A.3d 24, 26 (Pa. Cmwlth. 2012). Per Section 401(a) of the Law, UC benefits shall be payable to an unemployed claimant who "[h]as, within his base year, been paid wages for employment as required by section 404(c) of [the Law]," provided that "not less than forty-nine and one-half per centum (49.5%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year." 43 P.S. §801(a). Section 4(a) of the Law defines "base year" as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." 43 P.S. §753(a). Section 404(c) provides that any otherwise eligible employee must have base-year wages in an amount specified by the table set forth in Section 404(e). *See* 43 P.S. §§804(c) and 804(e).

Claimant filed for UC benefits effective August 2013 establishing a base-year from April 1, 2012, to March 31, 2013. Claimant testified that she had wages of $2,831.99 in the fourth quarter of 2012 and $3,057.21 in the first quarter of 2013, and that no wages in the second and third quarters of 2012, for a total of $5,889.20 in base-year wages. The Board accepted Claimant's testimony as to her

wages as credible and there was no other evidence by which the Board could find a higher base-year wage.

Moreover, the Board did not err in finding that she was ineligible under Section 404(e) of the Law. The table[8] set forth in that section is used to determine a claimant's financial eligibility. Based on Claimant's wages of $3,057.21 in her highest quarter, the table provides that to be eligible for benefits, she must have made at least $6,064 in total base-year wages. Claimant's total base-year wages, per her own testimony, was $5,889.20; again, making her ineligible under that provision.

When a claimant does not qualify for benefits under Section 404(c), Section 404(a)(3) permits the claimant to be eligible if the amount of the claimant's qualifying wages meets the amount of qualifying wages listed in Section 404(e)'s table for the next two lower weekly benefit rates. Even using this methodology, Claimant does not have sufficient total base-year wages as the lowest total base-year wages she would need would be $5,965 and her total was $5,889.20.

---

[8] The relevant part of the table provided in Section 404(e) provides:

Table Specified for the Determination of Rate and Amount of Benefits

| Part A<br>Highest Quarterly Wage Paid | Part B<br>Rate of Compensation | Part C<br>Qualifying Wages |
|---|---|---|
| 2988-3012 | 122 | 5965 |
| 3013-3037 | 123 | 6014 |
| 3038-3062 | 124 | 6064 |

43 P.S. §804(e).

Furthermore, although Claimant had testified that she received additional earnings in tips during the base year, she failed to provide the value of the tips earned. Even if she could provide the amount she earned in tips, we:

> [E]mbrace an interpretation that under the benefit computation provisions of the [Law], gratuities or tips cannot be considered as wages when they pass directly from a patron to a claimant or when the employer is merely a direct funnel for such tips or gratuities from a patron to a claimant. When, however, the tip is in actuality a service charge of the employer, or when an employer exercises significant control over the administration of the tip, thereby preventing a claimant from receiving all that she or he was in fact tipped, such gratuities must be included in a claimant's computation of wages for benefits.

*Unemployment Compensation Board of Review v. Churchill Valley Country Club*, 338 A.2d 738, 741 (Pa. Cmwlth. 1975). Given that Claimant's tips passed directly from patrons to Claimant, with no control exercised over them by Employer, the tips would not be included as wages in computing Claimant's eligibility.

Claimant also contends that the Department of Labor and Industry (Department) did not suitably inform her of her rights and the Department's wage investigation was not properly conducted. The essential elements of due process in an administrative hearing are notice and an opportunity to be heard. *McFadden v. Unemployment Compensation Board of Review*, 806 A.2d 955, 958 (Pa. Cmwlth. 2002). When presented with an unrepresented claimant, due process requires that the referee be more than usually cautious to insure that all relevant issues are examined and the parties have an opportunity to fully present their case. *Brennan*

*v. Unemployment Compensation Board of Review*, 487 A.2d 73, 77 (Pa. Cmwlth. 1985). Here, Claimant was given two hearings to present her testimony and to offer evidence as to why she should be deemed financially eligible for benefits. Moreover, the Board credited Claimant's testimony as to her wages in the base-year and used the testimony in determining whether she was eligible for benefits, making the Department's wage investigation irrelevant. Claimant received all the due process to which she was entitled.

Lastly, Claimant argues that Employer did not comply with her subpoena request for information on her earnings. However, Claimant argues this issue for the first time on appeal and issues not raised below are waived. *Wing v. Unemployment Compensation Board of Review*, 436 A.2d 179 (Pa. 1981).

Accordingly, the order of the Board is affirmed.

_____
DAN PELLEGRINI, President Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tinamarie Baldinelli, : 
        Petitioner : 
         : 
        v. : No. 2400 C.D. 2014
         : 
Unemployment Compensation : 
Board of Review, : 
        Respondent : 

# **O R D E R**

AND NOW, this 17<u>th</u> day of <u>November</u>, 2015, the order of the Unemployment Compensation Board of Review, dated December 5, 2014, at No. B-572552, is affirmed.

_____
DAN PELLEGRINI, President Judge