# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Elizabeth Bingham, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1245 C.D. 2016 |
| | : | Submitted: January 13, 2017 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:  HONORABLE ROBERT SIMPSON, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: March 8, 2017**

Elizabeth Bingham (Claimant), representing herself, petitions for review from an order of the Unemployment Compensation Board of Review (Board) that reversed a referee's decision and denied her unemployment compensation (UC) benefits under Section 402(e) of the Unemployment Compensation Law[1] (Law) (relating to willful misconduct).  Claimant asserts the Board's determination is not supported by substantial evidence because a witness in support of Claimant did not testify at the hearing and because Claimant was not provided with information used in Employer's appeal to the Board.  Discerning no error below, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

## I. Background

Claimant worked for TMS Health (Employer) as a full-time customer care associate from September 2013 until January 4, 2016. After her separation from employment, Claimant applied for UC benefits, which the local service center denied. Claimant appealed, and a referee held a hearing.

At the referee's hearing, Claimant and Heather DelConte, Employer's Operation Supervisor (Supervisor), testified. Based on the evidence presented, the referee determined Claimant was not disqualified from receiving UC benefits under Section 402(e) of the Law and reversed the determination of the UC service center. Employer appealed to the Board.

The Board made the following findings. Employer maintained policies regarding internet usage. Employees are not allowed to use the internet for personal use while working, with limited exceptions. Additionally, employees must answer calls in an appropriate manner. Claimant knew or should have known Employer's policies because Employer provided continuing access to its handbook online and through email notifications. Employer also provided computers in the employees' break room where employees could make personal purchases during their break periods. Bd. Op., 5/18/16, Findings of Fact (F.F.) Nos. 2-4.

Claimant did not receive a bonus from Employer with the pay of December 11, 2015. Claimant spoke to her manager. The manager made sure Claimant received her bonus on December 15 or 16, 2015. F.F. Nos. 5-7.

2

Employer initiated an investigation into Claimant's personal internet use, which also indicated Claimant was not answering incoming calls properly. During the investigation, Employer discovered Claimant used the internet to make a personal purchase on January 3, 2016. Claimant did not use Employer's internet system to make purchases for the Christmas holiday, as the purchases were made on January 3, 2016. Claimant's manager did not authorize Claimant's use of Employer internet to make personal purchases in violation of Employer's policy. On January 5, 2016, Employer placed Claimant on paid administrative leave for violation of Employer's policies. F.F. Nos. 8-13.

Also, Claimant's job responsibilities involved answering the telephone. Claimant submitted trouble tickets indicating she was having trouble receiving telephone calls at work. Claimant indicated she could not hear customers calling in on the telephone. Employer reviewed the telephone calls. Employer discovered the system was receiving the customer calls, but Claimant was ignoring the customer calls. F.F. Nos. 14-18.

Employer discharged Claimant for personal internet use and not answering incoming telephone calls properly in violation of Employers' policies. F.F. No. 19.

Ultimately, the Board resolved the conflicts in testimony in favor of Employer. The Board found the Employer's testimony and evidence to be credible.

The Board concluded Claimant's actions rose to the level of willful misconduct because she used the internet on her computer in violation of Employer's internet policy; Claimant could have used the computers in Employer's break room to make personal purchases. Further, the Board found Claimant's telephone was working, and Claimant chose not to accept customer telephone calls. Thus, the Board concluded Claimant had no good cause for her refusal to accept telephone calls from customers and for her use of the internet while working.

## II. Issues

Claimant now petitions for review.[2] Claimant challenges the referee's decision not to allow telephone evidence from her operations manager. She also claims that she never had an opportunity to hear the evidence considered by the Board during its consideration of Employer's appeal. More generally, Claimant challenges the Board's fact-finding. She maintains she never made a purchase from the internet on her work computer. Claimant also asserts she never abandoned any customer telephone calls.

## III. Discussion

In UC cases, the Board is the ultimate fact-finder and is empowered to resolve all conflicts in the evidence, witness credibility and weight accorded to the evidence. Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949

---

[2] Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006 (Pa. Cmwlth. 2014).

A.2d 338 (Pa. Cmwlth. 2008). It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is substantial evidence to support the findings actually made. Id. Where substantial evidence supports the Board's findings, they are conclusive on appeal. Id. In addition, we must examine the testimony in the light most favorable to the party in whose favor the fact-finder ruled, giving that party the benefit of all logical and reasonable inferences from the testimony. Id.

Substantial evidence is such relevant evidence upon which a reasonable mind could base a conclusion. Umedman v. Unemployment Comp. Bd. of Review, 52 A.3d 558 (Pa. Cmwlth. 2012); Johnson v. Unemployment Comp. Bd. of Review, 502 A.2d 738 (Pa. Cmwlth. 1986). "The fact that … [a party] might view the testimony differently than the Board is not grounds for reversal if substantial competent evidence supports the Board's findings." Tapco, Inc. v. Unemployment Comp. Bd. of Review, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994).

At the outset, Claimant contends a witness with knowledge of her internet use to did not testify at the hearing before the referee, and Claimant was not provided with information used in Employer's appeal to the Board.

The Pennsylvania Supreme Court holds that "'any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.'" Vann v. Unemployment Comp. Bd. of Review, 494 A.2d 1081, 1086 (Pa. 1985) (quoting

5

Groch v. Unemployment Comp. Bd. of Review, 472 A.2d 286, 288 (Pa. Cmwlth. 1984)). More recently, this Court clarified that, "referees should reasonably assist pro se parties to elicit facts that are probative for their case." Hackler v. Unemployment Comp. Bd. of Review, 24 A.3d 1112, 1115 (Pa. Cmwlth. 2011). However, "the referee is not required to become and should not assume the role of a claimant's advocate." McFadden v. Unemployment Comp. Bd. of Review, 806 A.2d 955, 958 (Pa. Cmwlth. 2002). "The referee need not advise an uncounseled claimant on specific evidentiary questions or points of law, nor need the referee show any greater deference to an uncounseled claimant than that afforded a claimant with an attorney." Brennan v. Unemployment Comp. Bd. of Review, 487 A.2d 73, 77 (Pa. Cmwlth. 1985) (citation omitted).

The Notice of Hearing in this case informed Claimant of the right to present the testimony of witnesses. Certified Record (C.R.) Item #10 at 2, Referee Ex. No. 1. The Notice also advised the Claimant of the availability of a subpoena to compel appearance by a reluctant witness. Id. at 2, 3.

Here, during the hearing, Claimant testified that because her bonus was late, her operations manager in mid-December told her to go to a website to acquire a shopping list for Christmas gifts for her daughter. Referee's Hr'g., 4/7/16, Notes of Testimony (N.T.) at 12-13. The Employer's representative raised a hearsay objection to testimony about out-of-court statements by the operations manager. Id.

6

Claimant did not call her operations manager to testify on her behalf. Also, the Claimant did not request a subpoena for the witness, and she did not make any other pre-hearing written request to accommodate the witness. During the hearing, she did not ask for a continuance or ask that the record remain open to secure information from this witness. Id. Instead, the referee asked questions of the Claimant about whether she was shopping on Amazon. Id. Claimant admitted she visited the Amazon website in mid-December. Id. The referee pointed out that the incident occurred several weeks before the conduct at issue in the termination. Id.

Given the failure of Claimant to make prior arrangements to obtain live testimony from the witness, Claimant's ability to explain that she visited the Amazon website in mid-December with the permission of the operations manager, and the temporal remoteness of the information, we discern no reason to disturb the Board's decision on this basis.

Claimant also alleged in her brief that she never had the opportunity to hear the evidence the Board considered during the Employer's appeal. In particular, Claimant did not hear recordings on a flash drive where Claimant allegedly disconnected callers.

Claimant does not understand the UC appeal process. In this case, all the evidence was received during the referee's hearing. The Board merely reviewed that evidence during Employer's appeal. Thus, Claimant was present while all of the evidence was received. Regarding the flash drive and testimony

about its contents, the flash drive was present at the hearing.  N.T. at 9.  Claimant never objected to a description of the contents, nor did she ask that the recording be played.  Id.  Because she failed to raise any issues during the hearing while the flash drive was available, she failed to preserve issues regarding the evidence.  See Yost v. Unemployment Comp. Bd. of Review, 42 A.3d 1158 (Pa. Cmwlth. 2012) (issues not raised before the referee or Board are waived).

We next turn to whether the Board's findings support its determination that Claimant is ineligible for UC benefits under Section 402(e) of the Law.  Section 402(e) of the Law provides, "[a]n employe shall be ineligible for compensation for any week … [i]n which [her] employment is due to [her] discharge … from work for willful misconduct connect with [her] work …."  43 P.S. §802(e).  "Willful misconduct" is "behavior evidencing a wanton or willful disregard of the employer's interest; a deliberate violation of the employer's work rules; a disregard of the standard of behavior the employer can rightfully expect from its employee; [or], negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.  Dep't of Corr. v. Unemployment Comp. Bd. of Review, 943 A.2d 1011, 1015 (Pa. Cmwlth. 2008).

Whether a claimant's actions constitute willful misconduct "is a question of law fully reviewable on appeal."  Downey v. Unemployment Comp. Bd. of Review, 913 A.2d 351, 353 (Pa. Cmwlth. 2006).  The employer bears the initial burden of proving a claimant engaged in willful misconduct.  Ductmate.  When asserting a discharge based on a violation of a work rule, an employer must establish the existence of the rule, the reasonableness of the rule, the claimant's

8

knowledge of the rule and its violation.  Id.  If the employer does so, the burden shifts to the claimant to show good cause for the rule violation.  Yost.

Here, Supervisor testified Employer has computers in the employee breakroom for nonbusiness use by employees during their breaks.  N.T. at 6.  Supervisor testified Employer's response to an internet policy violation is disciplinary action or termination.  Id. at 6.  Supervisor testified Employer sent an email regarding Employer's restricted internet use and resulting discipline to everyone in Employer's call center, including Claimant.  Id.; Employer Ex. No. 2.  Supervisor testified Employer had documentation to show Claimant violated Employer's policy against internet for personal use while working several times during a 45-minute period on January 3, 2016.  "[T]here's communications on the Service Center [exhibit number] 7 regarding tracking of order for USPS as well as Amazon shopping for Divergent series, books."  N.T. at 7; see also C.R., Item No. 2, Service Center Ex. No. 7.  When questioned about Claimant's continued personal internet use while working, Supervisor testified Claimant violated Employer's policy, "as far as I can see none of these [internet searches] would have been business-related .… I don't see anything [on Service Center exhibit number 14] that would be business .…"  N.T. at 7-8; see also C.R., Item No. 2, Service Center Ex. No. 14.  Based on this testimony and documentation, Claimant violated Employer's policy against personal internet use while working.  N.T. at 7-8; C.R., Item No. 11, Service Center Ex. No. 7.

At the hearing, Claimant testified she understood Employer's policy regarding internet usage at work.  N.T. at 12.  Claimant asserts she never made a

purchase from work on her computer. Claimant asserts her copy of her Amazon purchase history shows no purchases were made on January 3, 2016. Id. However, when questioned about Employer's proof of personal internet use in January 2016, Claimant testified that the items purchased were for her daughter for Christmas. N.T. at 17; see also C.R., Item No. 11 , Service Center Ex. No. 7.

Here, substantial evidence supports the Board's finding that Employer maintains policies covering internet usage, that employees are not allowed to use the internet for personal use while working, with limited exception, and that Claimant was aware of Employer's policy. Employer established the reasonableness of that policy, Claimant's knowledge of the policy, and Claimant's knowledge that she violated Employer's internet policy.

Upon review, the Board properly determined Claimant committed willful misconduct by violating Employer's rule against use of the internet for personal use while working. Ductmate; Dep't of Corr.; see generally Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006 (Pa. Cmwlth. 2014) (affirming denial of UC benefits based on violation of work rule). Further, Claimant did not show good cause for violating Employer's work rule against internet usage while working. Yost.

Claimant next argues she never abandoned any customer telephone calls. Claimant asserts she notified Employer's management 16 months prior to her termination that she was unable to hear consumers and they were unable to hear her via her telephone headset, only via speaker. Claimant testified an

10

information technology employee worked with her directly for "five hours a day, six hours a day, seven hours a day over an 18-month period," but was unable to resolve the issue. N.T. at 13-14. Claimant testified Employer had her perform other tasks because of her telephone issue, such as scanning documents, confirming U.S. postal service addresses on return mail, taking lunch orders for other employees, and working online. Id. at 13-15. Claimant denied she did anything on Employer's time other than her work. Id. at 15-16.

Contrary to Claimant's assertions, the record also supports the Board's finding that Claimant did not accept telephone calls from customers. Supervisor testified Claimant complained to Employer that she could not answer telephone calls from customers, that there was only "dead air." N.T. at 8. Supervisor testified that when Claimant filed tickets for customer calls for which she had an issue, an information technology employee researched the issues. N.T. at 8-9. Supervisor testified that the information technology employees discovered they could hear calls coming in and going out. "We could hear people around her[,] however she was not responding to the callers." Id. at 9. Supervisor testified Claimant's failure to answer the telephone began on December 21, 2015. Id. Further, Supervisor testified Employer has a flash drive containing the evidence of Claimant's unanswered calls. Id.

Claimant maintains her conduct regarding her duty to answer customer telephone calls did not amount to willful misconduct because she had good cause in not answering her telephone. However, the Board found Claimant "had no good cause for her refusal to accept the phone calls from customers." Bd.

11

Op. at 3. Rather, the Board credited the testimony of Employer's witness that Claimant's telephone was working, and Claimant chose not to accept telephone calls from customers. <u>Id.</u> The Board determined Employer terminated Claimant for willful misconduct. <u>See id.</u> Claimant did not show good cause for her refusal to accept telephone calls from customers. <u>Yost</u>.

To the extent Claimant contends the Board erred in accepting Employer's evidence over her evidence, such credibility determinations are within the sole province of the Board and will not be disturbed on appeal. <u>See</u> <u>Ductmate</u>; <u>Tapco, Inc.</u>

Upon review, we conclude the Board's findings are supported by substantial evidence. In turn, the Board's findings support the determination that Claimant did not present good cause for her failure to comply with Employer's reasonable policies. Thus, we are satisfied the Board did not err in concluding Claimant's actions rose to the level of willful misconduct. Accordingly, we affirm.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elizabeth Bingham,   :
            Petitioner   :
                         :
    v.                   :   No. 1245 C.D. 2016
                         :
Unemployment Compensation   :
Board of Review,         :
            Respondent   :

# **O R D E R**

**AND NOW**, this 8th day of March, 2017, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.


_____
ROBERT SIMPSON, Judge