John C. Winder, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 17, 1981, before President Judge Crumlish and Judges Craig and MacPhail, sitting as a panel of three.

*Biona E. Pinnolio,* with her *George R. Price, Jr.,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by President Judge Crumlish, Jr., February 1, 1982:

Winder appeals an Unemployment Compensation Board of Review order which affirmed a referee's denial of benefits. We affirm.

Winder was employed by Redman Industries as a receiver. He and a fellow employee were to deliver damaged company doors to an auction. Enroute they made an unauthorized stop at the home of the co-worker's relative and delivered two of the doors, resulting in the dismissal of Winder and his co-worker for theft of company goods.

The referee denied benefits holding that Winder's conduct constituted "willful misconduct" under Sec-

tion 402(e) of the Unemployment Compensation Law.[1]
We agree.

> This Court has defined willful misconduct as:
> the wanton and willful disregard of an employer's interest, a deliberate violation of rules, a disregard of expected behavior standards or negligence manifesting culpability, wrongful intent, evil design or intentional and substantial disregard of the employer's interests or the employe's duties and obligations.

*Serban v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 147, 150, 370 A.2d 755, 756 (1977).

Our scope of review, where the party with the burden of proof has prevailed below, is limited to a determination of whether there was an error of law, a violation of constitutional rights or whether the referee's findings of fact are supported by substantial evidence. *Maxwell v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 604, 423 A.2d 430 (1980).

Here Winder contends that the referee ignored credible and competent testimony that Winder knew nothing of the theft. However, as we so often said, the resolution of credibility is an issue for the referee. *Remaly v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 551, 423 A.2d 814 (1980). Moreover, because Winder knew of the company policy that sales of goods to employees were only made on certain days, and this was not one of those days, the employer had a "right to expect a higher standard of behavior" in this situation. *Food Fair Stores, Inc. v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 535, 538, 314 A.2d 528, 529 (1974).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Affirmed.

**ORDER**

The order of the Unemployment Compensation Board of Review, No. B-180374, dated January 30, 1980, is affirmed.

Judge PALLADINO did not participate in the decision in this case.