Hayden Bruder, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 13, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Jay M. Berger*, for petitioner.

*Steven J. Neary*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 10, 1982:

Bruder appeals an Unemployment Compensation Board of Review order affirming a referee's denial of benefits. We affirm.

Bruder left work after an altercation with his employer over Bruder's off-hours business activities. The referee found that Bruder had voluntarily quit under Section 402(b).[1] The Board affirmed the referee.

Bruder contends that he was fired. In a "voluntary quit" case, the burden of proving a right to unemployment compensation rests with the claimant. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). The referee is the arbiter of credibility. *Winder v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 339, 439 A.2d 1344 (1982). In that capacity, he concluded that Bruder had not met his burden.

When the burdened party below has not met that burden, our scope of review is limited to determining

[1] Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

whether the Board's fact findings are consistent with each other, and with the legal conclusions, and whether such findings can be sustained without capricious disregard of competent evidence.[2] *Helsel v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 320, 323, 421 A.2d 496, 498 (1980). We must examine the testimony in the light most favorable to the party who prevailed below, *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977). We find that no evidence was capriciously disregarded below.

Affirmed.

ORDER

The Unemployment Compensation Board of Review Order No. B-188262, dated October 2, 1980, is hereby affirmed.

---

[2] "Capricious disregard" has been defined as the deliberate disregard of competent testimony which one of ordinary intelligence could not possibly have avoided in reaching the result. *Houff Transfer, Inc. v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 238, 241, 397 A.2d 42, 44 (1979).