Dorothy A. Brennan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 29, 1984, to Judges ROGERS and WILLIAMS, JR., and Senior Judge KALISH, sitting as a panel of three.

*Christine M. Nebel,* for petitioner.

*John S. Brendel, Buchanan Ingersoll, Professional Corporation,* for intervenor employer, Westmoreland Management Corporation.

OPINION BY JUDGE WILLIAMS, JR., January 30, 1985:

This is an appeal by Dorothy A. Brennan from an Order of the Unemployment Compensation Board of Review (Board) which denied her claim for benefits. That order found that Brennan voluntarily left her employment without cause of a necessitous and compelling nature rendering her ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1] We affirm.

Brennan was last employed as a bookkeeper/secretary by Westmoreland Management Corporation (Westmoreland) from March 15, 1982 until September 27, 1982. Her normal work hours were 8:30 a.m. to 5:30 p.m., Monday through Friday. Brennan used public transportation to get to and from work. On Friday, September 25, 1982, Westmoreland's owner asked her to work overtime the next day, Saturday, September 25th. Brennan did not agree to work that Saturday, although she did not expressly tell the owner that she would not come in. Brennan did not work that Saturday; and when she reported to work the following Monday, September 27th, the owner told her that she was expected to work an additional hour each day from September 27 until October 1, 1982. Brennan was confused as to the duration of the overtime and whether she would be compensated for the extra work. Despite her confusion, she did not attempt to clarify the matter with her employer. Rather, Brennan simply told Westmoreland's controller that she was unable to work the additional hours and was leaving. The controller attempted to convince Brennan to change her mind and remain at work. Brennan did not do so, and left the office around noon that same day, never to return.

[1] Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

Brennan applied for unemployment compensation benefits on September 28, 1982. The Office of Employment Security (OES) denied benefits finding her ineligible under Section 402(b) of the Law. The claimant appealed the OES determination to a referee who held a hearing on November 3, 1982. She appeared at the hearing without an attorney and elected to proceed with the hearing after being advised of her right to representation by the referee. Westmoreland was represented by counsel. On November 5, 1982 the referee issued a decision upholding the OES determination and found the claimant ineligible for benefits. Brennan appealed the referee's decision to the Board, which reversed the referee and awarded benefits. Westmoreland filed a timely request for reconsideration with the Board, which then proceeded to vacate its prior decision and reopened the case. After reconsideration, the Board affirmed the referee's denial of benefits. When Brennan's own request for reconsideration was denied, she petitioned this Court for review.

Brennan raises three assignments of error in her appeal to this Court. We shall address these *seriatim.*

The claimant's first contention is that several of the Board's factual findings[2] are not supported by

--------

[2] The Board's Findings of Fact which Brennan challenges are Findings Five, Six and Seven. Those findings read as follows:

5. The claimant [Brennan] did not work that day [September 25, 1982], and when the employer [Westmoreland's owner] next saw claimant, in the morning of September 27, 1982, he indicated to her that he expected her to work one hour overtime each day from September 27 until October 1, 1982.

6. The claimant was confused as to the duration and the rate of compensation of the overtime. However, she did not inquire as to these matters or try to resolve her confusion at any time.

substantial evidence. However, in a voluntary termination case, the employee bears the burden of proof to show that the causes why she voluntarily left her employment were of a necessitious and compelling nature so as to be eligible for benefits. *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 129-130, 451 A.2d 1353, 1355 (1982). Where the party with the burden of proof did not prevail before the Board, as Brennan failed to do here, our proper scope of review is to determine whether the Board's findings are in capricious disregard of any competent evidence, are consistent with each other and with the Board's legal conclusions, and whether any constitutional rights have been violated. *Bruder v. Unemployment Compensation Board of Review,* 70 Pa. Commonwealth Ct. 9, 452 A.2d 288 (1982).

Our review of the record convinces us that the Board did not capriciously disregard any competent evidence when it made its challenged findings of fact. Brennan's major argument is that the Board and the referee erred when it found Westmoreland's controller, Walter Klein, a more credible witness than she. She also points to the fact that her testimony directly contradicts that of Klein on the issue of overtime. However, it is well-settled that it is the function of the Board, as the ultimate fact-finding agency, not an appellate court, to resolve conflicts in testimony, witness credibility and evidentiary weight. *Geesey v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 376, 381 A.2d 1343 (1978); *Kells v. Unemployment Compensation Board of Review,* 32

---

7. The claimant did not express misgivings about this instruction to the employer, but later that morning she indicated to a co-worker that she was voluntarily terminating her employment. The co-worker tried to convince the claimant not to quit.

Pa. Commonwealth Ct. 142, 378 A.2d 495 (1977). The fact that the Board chose to believe Westmoreland's witness and discount the claimant's testimony does not constitute a capricious disregard of competent evidence. We have previously defined "capricious disregard of competent evidence" to be a disbelief of testimony which someone of ordinary intelligence could not possibly challenge or entertain the slightest doubt as to its truth. *Galla v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 238, 435 A.2d 1344 (1981). Brennan's testimony clearly does not fall within that definition. We find no capricious disregard of competent evidence by the Board and that the findings are supported by substantial evidence. Those findings, therefore, are binding on this Court. *Penn Hills School District v. Unemployment Compensation Board of Review,* 496 Pa. 620, 437 A.2d 1213 (1981).

Brennan's next contention is that she was denied due process of law when she appeared at the referee's hearing without counsel and the referee failed to adequately assist her in presenting her case. Section 502 of the Administrative Agency Law, 2 Pa. C. S. 502, permits any party to be represented by counsel at proceedings before a Commonwealth agency, such as the Board. We have held that due process requires that the referee advise an uncounseled claimant of her right to be represented by counsel, to cross-examine adverse witnesses, and to offer witnesses in her own behalf. *Williams v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 251, 484 A.2d 831 (1984); *Hoffman v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 108, 430 A.2d 1036 (1981). Where a claimant appears before a referee unrepresented by counsel, the referee must be more than usually cautious to insure

that all relevant issues are examined and that all parties have an opportunity to fully present their case. *Bennett v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 455, 445 A.2d 258 (1982). Administrative regulations also require the referee to render to an uncounseled claimant every assistance compatible with the impartial discharge of the referee's duties. 34 Pa. Code §101.21(a).[3]

Our review of the record satisfies us that the referee complied with 34 Pa. Code §101.21(a) and satisfied due process requirements. At the beginning of the hearing, the referee specifically advised Brennan of her right to counsel, to present witnesses, and cross-examine adverse witnesses. In addition, the transcript clearly shows that the referee actively assisted Brennan in presenting her testimony and rebutting the evidence presented by Westmoreland. 34 Pa. Code §101.21(a) only requires that the referee assist an uncounseled claimant in a manner *consistent with the impartial exercise of his duties.* The referee is not required to become, and should not assume the role of, a claimant's advocate. The referee need not advise an uncounseled claimant on specific evidentiary questions or points of law, *Rohrbach v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 172, 450 A.2d 323 (1982); nor need the referee show any greater deference to an uncounseled claimant than that afforded a claimant with an attorney.

---

[3] 37 Pa. Code §101.21(a) reads as follows:

*101.21  Conduct of hearings*

(a) In any hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible *with the impartial discharge of its official duties.* (Emphasis added.)

*Groch v. Unemployment Compensation Board of Review,* 81 Pa. Commonwealth Ct. 26, 472 A.2d 286 (1984). On the record before us, we find that the referee fulfilled his responsibilities and satisfied the requirements of due process.

We now turn to Brennan's final contention that the causes for which she voluntarily quit her job with Westmoreland were of a necessitous and compelling nature so as to render her eligible for benefits. Whether an employee has cause of a necessitous and compelling nature to voluntarily terminate her employment is a legal conclusion which is always subject to appellate review. *McNeil v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 315, 414 A.2d 727 (1980).

Brennan cites three reasons as the cause for her leaving her job at Westmoreland: the overtime request which she contends was to be performed without compensation, the denial of any additional time off work for doctor's or dentist's appointments, and her concerns for her safety raised by leaving work an hour later. We do not feel that the record supports claimant's contention. To establish cause of a necessitous and compelling nature, she was required to demonstrate that her conduct was consistent with ordinary common sense and prudence and that the circumstances which prompted her voluntary termination were real, not imaginary, substantial, not trifling, and reasonable, not whimsical. *Berardi v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 549, 458 A.2d 668 (1983). Here, the Board found that Brennan was confused as to the extent of and compensation for the requested overtime and that she made no effort to resolve her confusion. The Board also found that Brennan's primary reason for quitting was the concern for her safety and that she failed to com-

municate those fears to Westmoreland. The record also shows a lack of any reasonable basis for Brennan's fear for her safety resulting from leaving work an hour later. Viewing the circumstances as a whole, we hold that Brennan did not act in a manner consistent with common sense and prudence, and that she failed to show good faith by communicating her fears and problems to Westmoreland. Therefore, her causes for leaving did not rise to the level of a necessitous and compelling nature; and thus, she was not eligible for benefits.

Accordingly, we will affirm the order of the Board.

ORDER

AND Now, the 30th day of January, 1985 the Order of the Unemployment Compensation Board of Review at Decision No. B-214031-B, dated May 6, 1983, which denies unemployment compensation benefits to Dorothy A. Brennan, is hereby affirmed.