Mary V. Southard, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 28, 1985, to Judge
COLINS, and Senior Judges BARBIERI and KALISH, sit-
ting as a panel of three.

*Kenneth P. Walsh,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him,
*Charles G. Hasson,* Acting Deputy Chief Counsel, for
respondent.

OPINION BY JUDGE COLINS, April 15, 1985:

Claimant, Mary Southard, appeals the decision of
the Unemployment Compensation Board of Review
(Board), denying her benefits because she did not

leave her work for necessitous and compelling reasons.

Claimant left her employment at Honeywell, Inc., in Harrisburg, Pennsylvania, on March 28, 1979, after nearly fourteen years of working there. She left immediately after discovering that there was radiation emanating from Three Mile Island during a well-publicized nuclear power plant accident. She states that after a lengthy viral illness in 1955 she became aware that radiation caused her to become fatigued, nauseous and generally ill. Therefore, she did not want to be exposed to the radiation because she knew that she had a particular sensitivity to it.

She moved away from the area, was placed on unpaid leave by Honeywell, and she requested that she be allowed to work for the company in some other location. Honeywell was unable to immediately employ her elsewhere. She was denied unemployment compensation benefits by the Office of Employment Security. She appealed and after two hearings the referee denied benefits, finding that she did not have the necessitous and compelling reasons to terminate her employment under Section 402(b) of the Unemployment Compensation Law (Law).[1] The referee noted, in finding of fact No. 4, that "[t]he claimant had not substantiated her contention with any doctor certification, nor has she been advised by a physician to terminate her employment for health reasons."

Claimant appealed to the Board, which affirmed. Claimant then obtained counsel for the first time, and her counsel requested that the Board vacate and remand for additional testimony. The Board granted the request and two more hearings were held by a

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

referee, acting as a Hearing Officer for the Board. Dr. Michael Gluck, a board-certified internist and instructor at the Hershey Medical School, testified that the claimant suffered from a particularly high susceptibility to low levels of radiation, that this condition existed in March, 1979, and that he would have advised her to leave the area had he seen her in March, 1979. Dr. Keeford, a radiation chemist, testified that there would probably be further releases of radioactive chemicals from Three Mile Island, possibly of greater levels than had already been released, and that there were already elevated radiation levels in the area from the accident. A request for oral argument before the Board was denied, and the Board reaffirmed its earlier decision.

Claimant appealed the decision and order before this Court. *Southard v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 178, 454 A.2d 661 (1983). The order was vacated and the matter was remanded to the Board with directions that the Board make specific findings of fact concerning the medical evidence offered at the reconsideration hearing.

The Board again denied benefits on the basis that the testimony of claimant's physician was "not deemed credible," and that the Board remained "unpersuaded" that claimant had a particular sensitivity to low-level radiation or that there was any hazard to her health.

The claimant appeals the decision of the Board, claiming that it erred when it capriciously disregarded the expert medical and scientific evidence presented by claimant's witnesses.

The claimant, to establish cause of a necessitous and compelling nature for terminating her employment, must show that her conduct was consistent with

ordinary common sense and prudence and that the circumstances which prompted the severance of her employment were "real, not imaginary," "substantial, not trifling" and "reasonable, not whimsical." *Bernardi v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 549, 553, 458 A.2d 668, 670 (1983) (citations omitted).

The claimant is not required to prove that she was advised by a physician to leave her job. She need only submit competent testimony showing that adequate health reasons existed to justify her termination. *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977).

When the claimant has failed to sustain her burden, our scope of review is limited to a determination of whether the Board's fact findings are consistent with each other and with the legal conclusions and whether these findings can be sustained without a capricious disregard of competent evidence. *Bruder v. Unemployment Compensation Board of Review*, 70 Pa. Commonwealth Ct. 9, 452 A.2d 288 (1982).

A capricious disregard of competent evidence consists of disbelief of testimony which one of ordinary intelligence could not possibly challenge or entertain the slightest doubt as to its truth. *Davis v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 499, 426 A.2d 753 (1981). "Credibility of witnesses and the resolution of conflicting testimony are matters for the Board to decide; the Board's findings in such matters, when supported by substantial evidence, in the absence of fraud, are binding upon this court." *Hussar v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 28, 33, 432 A.2d 643, 646 (1981) (citations omitted). The Board has stated that it did not find the physician's testimony credible.

Under these circumstances, the Board's disbelief of claimant's physician does not rise to a capricious disregard of evidence. Therefore, the decision of the Board is affirmed.

ORDER

AND Now, April 15, 1985, the order of the Unemployment Compensation Board of Review, No. B-175282-C, dated February 18, 1983, is affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.