508 A.2d 1311

Daniel Nawrocki, individually and for the class he represents, to wit, the professional employees of the School District of the City of Erie, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Ronald E. Mielewski, individually and for the class he represents, to wit, the professional employees of the School District of the City of Erie, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Holly Welte, by her Executrix, individually and for the class she represents, to wit, the professional employees of the School District of the City of Erie, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Marie Katz, individually and for the class she represents, to wit, the professional employees of the School District of the City of Erie, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Mary Ann Brabender, individually and for the class she represents, to wit, the professional employees of the School District of the City of Erie, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

122

Argued October 8, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*George Levin, Shamp, Levin, Arduini* & *Hain,* for petitioners.

*Richard C. Langler,* with him, *Michael I. Levin* and *William Fearen, Cleckner and Fearen,* for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 7, 1986;

Daniel Nawrocki and four other token claimants[1] representing the professional employees of the Erie School District (District) appeal Unemployment Compensation Board of Review orders upholding referee decisions and denying them benefits because their unemployment occurred during a summer vacation period between two regular school sessions. Section 402.1(1) of the Unemployment Compensation Law (Law).[2] We affirm these orders.

The District's Board of Directors (Directors) voted to commence the 1981-82 school year on September 8, 1981. The preceding five school years school had begun in late August. The claimants seek benefits for the two weeks constituting the difference in the 1980-81 and 1981-82 starting dates, characterizing this period of unemployment as a lockout.[3]

---

[1] Ronald E. Mielewski, Holly Welte, Marie Katz, and Mary Ann Brabender.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* added by Section 5 of the Act of July 6, 1977, P.L. 41, *as amended,* 43 P.S. §802.1(1).

[3] Section 402(d) of the Law, 43 P.S. §802(d), renders a claimant ineligible for benefits if his unemployment is due to a work stoppage resulting from a labor dispute, unless the work stoppage is caused by a lockout (which occurs when an employer withholds work from his employees in order to gain a concession, *Weimer v. Unemployment Compensation Board of Review,* 176 Pa. Superior Ct. 348, 107 A.2d 607 (1954).

The District's professional employees engaged in a work stoppage from October 24, 1981, until December 17, 1981. The claims presently before us, however, do not seek benefits for this period.

Because the claimants, who have the burden of proving that unemployment results from a lockout by the employer,[4] did not prevail below, our scope of review is to determine whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Southard v. Unemployment Compensation Board of Review*, 88 Pa. Commonwealth Ct. 578, 490 A.2d 952 (1985). Whether unemployment results from a lockout is a mixed question of law and fact subject to our review. *Odgers.*

A lockout occurs when an employer rejects its employees' offer to maintain the status quo *under the terms and conditions of the expired collective bargaining agreement* pending negotiations on a new contract. *Lehigh County Community College v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 348, 473 A.2d 727 (1984).

The claimants contend that the District altered the status quo under the old collective bargaining agreement, that expired June 30, 1981, when it implemented the later starting date. We disagree.

Section 1504(a) of the Public School Code of 1949[5] empowers the Directors to fix the date for the commencement of the school year. The school commencement date was not a term or condition of the old collective bargaining agreement. Although this contract required the District's superintendent to invite the president of the professional employees' union to discuss the school calendar during its formulation, the union's president did discuss the calendar with the assistant superintendent before its final review by the Directors

---

[4] *Odgers v. Unemployment Compensation Board of Review*, 89 Pa. Commonwealth Ct. 439, 492 A.2d 808 (1985).

[5] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §15-1504(a).

on June 17, 1981. We thus agree with the Board that there was substantial compliance with this provision. Therefore, the Directors' decision to move the start of school back two weeks did not alter the contractual status quo.[6]

The cases relied upon by the claimants are all distinguishable. *Lehigh County Community College* held that a lockout occurred from the employer conditioning its adoption of a new school calendar upon the employees' ratification of a new collective bargaining agreement. The Board found that no such condition was present here.[7] In *Mountain View School District v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 510, 436 A.2d 1225 (1981), the traditional school starting date was originally adopted, but when negotiations reached an impasse and this date approached, the beginning of the school year was set back. Here, however, the calendar was first announced in May 1981 and was never altered. Likewise, *Centennial School District v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 86, 424 A.2d 569 (1981), involved a situation where the school

---

[6] This conclusion is reinforced by the parties' mutual extension of the old collective bargaining agreement beyond its June 30, 1981 expiration date.

[7] The claimants' contention that the Board erred by not finding that the Directors adopted the later opening date to compel their acceptance of a new contract is meritless. The District superintendent's testimony that the school calendar could be altered once agreement on the new contract was reached does not clearly pertain to possible adjustments in the school starting date. The Board chose to reject the claimants' interpretation of this testimony, determining that there was no evidence that the school term's commencement was in any way conditioned upon their acceptance of a new contract. We cannot disturb this exercise of the Board's duty to determine credibility and evidentiary weight.

authorities clearly used their power to set the starting date as leverage in the collective bargaining process, delaying the opening of school until a new labor agreement was reached. No similar factual pattern is present in this case.[8]

The claimants also contend that the District altered the status quo because, unlike the old contract, Labor Day was not a paid holiday in the contract extension. This contention lacks merit. Labor Day in 1981 fell on September 7th. As we have already concluded that the Directors properly exercised their authority to move back the opening of school to September 8th, September 7th was a part of the unpaid summer vacation. This eliminated any past contractual obligation to provide a Labor Day holiday.

We hold that the Board did not err in concluding that the claimants were not locked out of work during their two additional weeks of unemployment and that they are ineligible for benefits under Section 402.1(1) of the Law.

The Board's orders are affirmed.

### ORDER IN 2302 C.D. 1984

The Unemployment Compensation Board of Review order, No. B-233056 dated July 30, 1984, is affirmed.

### ORDER IN 2303 C.D. 1984

The Unemployment Compensation Board of Review order, No. B-233058 dated July 30, 1984, is affirmed.

### ORDER IN 2304 C.D. 1984

The Unemployment Compensation Board of Review order, No. B-233059 dated July 30, 1984, is affirmed.

---

[8] The record reveals that school did commence on September 8, 1981, and continued in session until the professional employees commenced their work stoppage.

ORDER IN 2305 C.D. 1984

The Unemployment Compensation Board of Review order, No. B-233060 dated July 30, 1984, is affirmed:

ORDER IN 2306 C.D. 1984

The Unemployment Compensation Board of Review order, No. B-233057 dated July 30, 1984, is affirmed.