513 A.2d 573

Richard D. Babicka, Token and Charles H. Munshaw, Jr., Token *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 12, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert A. Krebs,* with him, *Theodore Goldberg, Henderson & Goldberg, P.C.,* for petitioners.

*Henry J. Wallace, Jr.,* with him, *David J. McAllister, Reed, Smith, Shaw & McClay,* for intervenor, Equitable Gas Company.

No appearance for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 1, 1986:

Richard D. Babicka and Charles H. Munshaw, token claimants representing the employees of the Equitable Gas Company (Equitable), appeal Unemployment Compensation Board of Review orders upholding referee decisions denying them benefits because their unemployment resulted from a stoppage of work due to a labor dispute. Section 402(d) of the Unemployment Compensation Law.[1] We affirm.

Babicka and Munshaw are members of the United Steelworkers of America, Local No. 12050, which engaged in a strike against Equitable from February 8 through August 10, 1983. During this time Equitable was able to continue its plant operations without interruption.

Because the claimants, who have the burden of proving that their unemployment resulted from a lockout, did not prevail below, our scope of review is limited to determining whether the finding of facts are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Nawrocki v. Unemployment Compensation Board of Review,* 97 Pa. Commonwealth Ct. 121, 508 A.2d 1311 (1986).

Babicka and Munshaw contend that the Board erred in denying them benefits under Section 402(d), arguing

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(d).

that there was no stoppage of work because Equitable never ceased operations during the strike. We disagree.

This Court has previously held that the term "stoppage of work" in Section 402(d) means any cessation of work *by an employee,* regardless of whether continuing work is available from the employer. *Unemployment Compensation Board of Review v. Tickle,* 19 Pa. Commonwealth Ct. 550, 339 A.2d 864 (1975). We adhere to our holding in *Tickle.*

We hold that the Board did not err as a matter of law in concluding that Babicka and Munshaw are ineligible for benefits because their unemployment resulted from a stoppage of work due to a labor dispute.

Affirmed.

## ORDER

The Unemployment Compensation Board of Review orders, Nos. B-234862 and B-234863 dated October 5, 1984, are affirmed.