# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen D. Rodriguez, :
: No. 672 C.D. 2016
Petitioner : Submitted: September 9, 2016
:
v. :
:
Unemployment Compensation :
Board of Review, :
:
Respondent :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                    FILED:  February 24, 2017

Stephen Rodriguez (Claimant) petitions *pro se* for review of the March 11, 2016 order of the Unemployment Compensation Board of Review (Board), dismissing Claimant's appeal as untimely under Section 502 of the Unemployment Compensation Law[1] (Law). Upon review, we must affirm.

Claimant filed for unemployment compensation benefits on September 20, 2015.  Board Findings of Fact (B.F.F.) No. 1.  On October 9, 2015, the local unemployment compensation service center issued a notice denying

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §822.

Claimant benefits under Section 402(b) of the Law.[2] Claimant appealed and a hearing was held on November 5, 2015.

Following the hearing on the merits, at which neither Claimant nor Employer were present, the referee affirmed the service center's denial of benefits and the decision was mailed to Claimant's last known address the next day. The notice also advised Claimant that the last day to timely appeal the decision was November 23, 2015. Claimant filed his appeal on December 30, 2015. On February 1, 2016, the Board remanded for testimony from Claimant regarding whether he had good cause for untimely filing his appeal. In his testimony, Claimant stated that he remembered receiving the decision and received it on time. Notes of Testimony (N.T.) at 4. He further testified that he delayed filing his appeal because he was attempting to get his job back. N.T. 3-5.

On March 11, 2016, the Board issued its decision dismissing Claimant's appeal as untimely under Section 502 of the Law. The Board denied Claimant's request for reconsideration. Claimant's appeal to this Court followed.[3]

---

[2] Under Section 402(b) of the Law, an employee is ineligible for compensation where his unemployment is due to voluntarily leaving work without necessitous and compelling cause. 43 P.S. §802(b).

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review,* 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987). The Board is the ultimate finder of fact in unemployment compensation proceedings. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1389 (Pa. 1985); *Chamoun v. Unemployment Compensation Board of Review*, 542 A.2d 207, 208 (Pa. Cmwlth. 1988). Issues of credibility are for the Board, which may either accept or reject a witness' testimony whether or not it is corroborated by other evidence of record. *Id.* This Court must examine the evidence in the light most favorable to the party who prevailed before the Board, and give that party the benefit of all inferences that can be logically and reasonably drawn from that evidence. *Taylor v. Unemployment Compensation Board of Review*,
**(Footnote continued on next page…)**

2

Preliminarily, we note that Section 502 provides that the referee's decision "shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision . . . ." 43 P.S. §822. Moreover, the "requirement that an appeal be filed within fifteen days is jurisdictional, precluding either the Board or a referee from further considering the matter." *Gannett Satellite Info. Sys., Inc. v. Unemployment Compensation Board of Review,* 661 A.2d 502, 504 (Pa. Cmwlth. 1995) (citation omitted). The statutory time for taking an appeal is mandatory and cannot be extended as a matter of grace or mere indulgence. *Russo v. Unemployment Compensation Board of Review,* 12 A.3d 1000, 1003 (Pa. Cmwlth. 2010).

The Board may consider an untimely appeal in limited circumstances, but, in light of the statutorily mandated time limit, the burden to establish the right to have an untimely appeal considered is a heavy one. *Roman-Hutchinson v. Unemployment Compensation Board of Review,* 972 A.2d 1286 (Pa. Cmwlth. 2009). A claimant may satisfy this burden in one of two ways: 1) by demonstrating administrative breakdown or 2) by showing that non-negligent conduct beyond his control caused the delay. *Hessou v. Unemployment Compensation Board of Review,* 942 A.2d 194 (Pa. Cmwlth. 2008).

Claimant first argues that the Board erred in finding that he received notice of the referee's decision because he did not receive the notice. However, Claimant's testimony at the hearing that he did receive the notice contradicts this

---

**(continued…)**

378 A.2d 829, 831 (Pa. 1977). Findings of fact are conclusive on appeal if the record contains substantial evidence to support the findings. *Id.*

3

assertion on appeal. Based on this testimony, the Board found that Claimant received notice of the decision and intentionally delayed filing his appeal because he was trying to get his job back. B.F.F. Nos. 7, 10. Claimant's admissions regarding his receipt of the notice and the conscious delay in filing his appeal at the hearing constitute substantial evidence supporting the Board's findings. *Flores v. Unemployment Compensation Board of Review*, 686 A.2d 66, 71 (Pa. Cmwlth. 1996); *Criswell v. Unemployment Compensation Board of Review*, 393 A.2d 1071, 1073 (Pa. Cmwlth. 1978).

Claimant next argues that his rights were violated because he was not provided legal representation at the hearing. The essential elements of due process in an administrative hearing are notice and an opportunity to be heard. *McFadden v. Unemployment Compensation Board of Review*, 806 A.2d 955, 958 (Pa. Cmwlth. 2002). When presented with an unrepresented claimant, due process requires that the referee be more than usually cautious to insure all relevant issues are examined and the parties have an opportunity to fully present their case. *Brennan v. Unemployment Compensation Board of Review*, 487 A.2d 73, 77 (Pa. Cmwlth. 1985). Moreover, 34 Pa. Code §101.21(a) states that "[w]here a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the *impartial discharge of its official duties*." (Emphasis added). *See also Brennan*.

However, the referee is not required to become nor should he assume the role of a claimant's advocate. *McFadden*, 806 A.2d at 958. The referee is not required to advise an uncounseled claimant on evidentiary questions or points of law or to show any greater deference to an unrepresented claimant than that

4

afforded to one that is represented by counsel. *Brennan*, 487 A.2d at 77; *Lauffer v. Unemployment Compensation Board of Review*, 434 A.2d 249, 251 (Pa. Cmwlth. 1981). Rather, the referee has the responsibility to assist a *pro se* claimant "[s]o that the facts of the case necessary for a decision may be adequately developed to insure that compensation will not be paid in cases in which the claimant is not eligible and that compensation will be paid if the facts, *thoroughly developed*, entitled the claimant to benefits." *Bennett v. Unemployment Compensation Board of Review*, 445 A.2d 258, 259-60 (Pa. Cmwlth. 1982) (citation omitted and emphasis in original).

The record confirms that the referee advised Claimant of his right to counsel and Claimant acknowledged that he understood that right. The following exchange occurred at the remand hearing:

> [Referee:] Very good. Did you receive your Notice of today's hearing?
>
> [Claimant:] Yes, I did.
>
> R: Okay. That Notice advised you that you have certain rights in the hearing including the right to be represented by an attorney or a non-legal advisor of your choosing . . . . Mr. Rodriguez, do you understand those rights?
>
> C: Yes.

N.T. at 1. Thus, the transcript of the hearing shows that the Referee advised Claimant of his rights and that the Referee conducted the hearing in this matter in a fair and impartial manner as required by 34 Pa. Code §101.21(a).

Finally, Claimant argues that the Board erred in concluding that Claimant was ineligible for benefits under Section 402(b) of the Law. However,

the Board was without jurisdiction to consider the merits of the matter based on Claimant's untimely appeal. 43 P.S. §822; *Gannett Satellite Info. Sys., Inc.,* 661 A.2d at 504.

For the foregoing reasons, we discern no error in the Board's determination dismissing Claimant's appeal as untimely. Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen D. Rodriguez, : 
                                         : No. 672 C.D. 2016
               Petitioner : 
                                           : 
            v. : 
                                           : 
Unemployment Compensation : 
Board of Review, : 
                                           : 
              Respondent : 

## O R D E R

AND NOW, this 24th day of February, 2017, the order of the Unemployment Compensation Board of Review, Decision No. B-587327, dated March 11, 2016, is AFFIRMED.

                                     _____

                                     MICHAEL H. WOJCIK, Judge